**UNITED STATES of America,
Appellee,**

v.

**Charles A. JOHNSON, Defendant–
Appellant.**

**No. 04–1629–CR.**

United States Court of Appeals,
Second Circuit.

Feb. 15, 2005.

Robert G. Smith, Assistant Federal Public Defender, Federal Public Defender's Office for the Western District of New York (Jay S. Ovsiovitch), Rochester, New York, for Appellant, of counsel.

Bradley E. Tyler, Assistant United States Attorney, United States Attorney's Office for the Western District of New York, for Michael A. Battle, United States Attorney for the Western District of New York, Rochester, New York, for Appellee.

PRESENT: OAKES, RAGGI, and Honorable WESLEY, Circuit Judges.

## SUMMARY ORDER

Charles Johnson was convicted after a jury trial of being a previously convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, he asserts that the district court erred: (1) in precluding him from offering a confederate's hearsay declaration against interest, *see* Fed.R.Evid. 804(b)(3); (2) in charging the jury that they could draw no inference from the parties' failure to call an equally unavailable witness; and (3) by imposing a sentence based on facts not proved beyond a reasonable doubt to the jury, thereby violating his rights under the Sixth Amendment. We assume the parties' familiarity with the facts and the record of proceedings in this case, which we reference only as necessary to explain our decision.

### 1. *Statement Against Penal Interest*

Johnson sought to elicit from his girlfriend, Jennifer Beyor, a statement made to her by Johnson's confederate, Timothy Keels, that the gun at issue in this case was Keels's and that Keels had placed it under the seat of the car in which Johnson was riding at the time of his arrest. Keels himself refused to testify at Johnson's trial, invoking his Fifth Amendment privilege against self-incrimination.

Rule 804(b)(3) of the Federal Rules of Evidence excepts from the general hearsay rule, *see* Fed.R.Evid. 802, "[a] statement which was at the time of its making

... so far tended to subject the declarant to ... criminal liability, ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." The exception is subject to two conditions. First, the declarant must be "unavailable." Fed. R.Evid. 804(b). This condition was satisfied by Keels's invocation of his Fifth Amendment privilege against self-incrimination. *See* Fed.R.Evid. 804(a)(1); *United States v. Jackson,* 335 F.3d 170, 177 n. 1 (2d Cir.2003); *United States v. Bahadar,* 954 F.2d 821, 827 (2d Cir.1992); *United States v. Salerno,* 937 F.2d 797, 805 (2d Cir.1991). Second, "corroborating circumstances" must "clearly indicate the trustworthiness of the statement." Fed. R.Evid. 804(b)(3). "The purpose of this corroboration requirement is to 'circumvent[ ] fabrication' by the declarant." *United States v. Jackson,* 335 F.3d at 178 (quoting Fed.R.Evid. 804(b)(3), Adv. Comm. Notes) (brackets in original). Thus, courts require "corroboration of 'both the *declarant's* trustworthiness as well as the *statement's* trustworthiness.' " *Id.* (quoting *United States v. Bahadar,* 954 F.2d at 829 (emphasis in original)). Because the district court found that Johnson failed to satisfy this corroboration condition, it refused to admit Keels's hearsay statement.

■ In challenging this ruling, Johnson confronts a heavy burden. A trial court enjoys "broad discretion regarding the admission of evidence," and we will not reverse its rulings unless they are arbitrary, irrational, or reflect manifest error. *United States v. Jackson,* 335 F.3d at 176, 178–79 (affirming decision not to admit evidence under Rule 804(b)(3)); *see also United States v. Saget,* 377 F.3d 223, 231 (2d Cir.2004); *United States v. Tropeano,* 252 F.3d 653, 657 (2d Cir.2001). That is not this case.

The district court's conclusion that Keels's statement was not adequately corroborated was supported by findings that Keels had made prior inconsistent statements to his parole officer (denying his possession of the gun) and to the Federal Public Defender's Office (stating that another passenger in the car admitted possession of the gun). *See United States v. Jackson,* 335 F.3d at 179 (excluding statement against penal interest because declarant had made "conflicting assertions"); *United States v. Bahadar,* 954 F.2d at 829 (excluding statement against penal interest because of repeated changes in declarant's story). The court also found that Keels himself was untrustworthy because evidence indicated that he had participated, together with Johnson and Beyor, in a fraudulent scheme to secure Johnson's release from jail after his arrest. In light of these circumstances, we conclude that the district court acted well within its discretion in ruling that Keels's statement was not admissible under Rule 804(b)(3).

■ To the extent that Johnson, on appeal, attempts to re-cast his evidentiary challenge as a constitutional claim based on the Sixth Amendment right to present a defense, *see* Appellant Br. at 16, 21 (citing *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)), his efforts are for naught. In *Chambers,* the Supreme Court ruled that the Sixth Amendment precludes a court from applying hearsay rules "mechanistically to defeat the ends of justice." 410 U.S. at 302, 93 S.Ct. 1038. At the same time, however, the Court confirmed that, consistent with the Sixth Amendment, a court could require a defendant to "comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* This court has expressly ruled that the corroboration requirement

of Rule 804(b)(3) comports with *Chambers. See United States v. Beltempo,* 675 F.2d 472, 479 (2d Cir.1982). Further, the record in this case demonstrates that the district court's corroboration analysis was far from mechanistic; the court carefully and thoroughly considered the totality of the evidence and the arguments of counsel before concluding that Keels's statement and Keels himself were insufficiently trustworthy to admit his hearsay statement pursuant to Rule 804(b)(3).

2. *Jury Charge Regarding Keels's Absence*

■ Because Keels's invocation of his Fifth Amendment privilege against self-incrimination rendered him unavailable as a trial witness, the district court charged the jury that it could draw no inference, "favorable or unfavorable," as to either party from his failure to testify. Trial Tr. Dec. 11, 2003, at 39; *see id.* ("Such circumstances should play no part in your deliberations."). Johnson submits that this was error because it undercut his argument that Keels's absence supported an inference adverse to the prosecution. He is wrong.

A no-inference instruction, far from being error, is the recommended charge in circumstances where a witness's invocation of the Fifth Amendment renders him unavailable to both sides. *See* 1 Leonard B. Sand et al., *Modern Federal Jury Instructions—Criminal* § 6.04 at 6—22 (rev. 2004); *see also* Edward J. Devitt et al., *Federal Jury Practice and Instructions* § 14.15 (4th ed.1992). This court has affirmed a no-inference instruction in a case where a co-conspirator invoked his Fifth Amendment privilege, rejecting the argument (also raised by Johnson) that such a witness is available to the prosecution because of its ability to grant immunity. *See*

**916**

*United States v. Myerson,* 18 F.3d 153, 160 (2d Cir.1994).

### 3. *Johnson's Sentence*

Johnson argues that his sentence violated the Sixth Amendment, as interpreted by the Supreme Court in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the district court engaged in judicial fact-finding to calculate the Sentencing Guidelines applicable to his case. In light of the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), this case is remanded to the district court for further proceedings in conformity with *Crosby.*

In sum, we reject all Johnson's arguments on appeal, except for his Sixth Amendment challenge to his sentence. On that single issue, we REMAND this case to the district court for further proceedings consistent with this order.